# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK W. DOBRONSKI, an individual, | |
| Plaintiff, | |
| v. | Case No. 20-cv-11910 |
| TBI, INC., a Michigan corporation; | Lower Court: 22nd Judicial Circuit Court Washtenaw County Trial Court |
| -and- | Case No. 20-000554-NZ |
| GEOFFREY WILLIAM SHEPSTONE, an individual; | Judge Patrick J. Conlin |
| Defendants. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants TBI, Inc. ("TBI") and Geoffrey William Shepstone ("Shepstone") (collectively "Defendants"), by and through undersigned counsel, hereby give notice of the removal of this action from the 22nd Judicial Circuit Court (Washtenaw County Trial Court), State of Michigan, to the United States District Court for the Eastern District of Michigan and, in support thereof, state as follows:

### STATE COURT ACTION

1. On or about May 18, 2020, Plaintiff Mark W. Dobronski ("Plaintiff") filed an action *in propia persona* in the Circuit Court for the 22nd Judicial Circuit,

1

Washtenaw County, Michigan, entitled *Mark Dobronski v. TBI, Inc.*, Case No. 20-000554-NZ (the "State Court Action"). On or about June 16, 2020, Defendant TBI, Inc. was served with the Summons and Complaint. A true and correct copy of the Summons and Complaint served upon Defendant in the State Court Action is attached hereto as Exhibit A.

## BASIS FOR JURISDICTION

2. This action is removable to this Court under 28 U.S.C. § 1441(a), which provides that a defendant may remove a civil action brought in state court over which the district courts have original jurisdiction to the district and division embracing the place where such action is pending. Venue is proper in the United States District Court for the Eastern District of Michigan, as this is the district embracing the place where the State Court Action is pending, *i.e.*, the circuit court sitting in the city of Ann Arbor, Washtenaw County, Michigan. *See* 28 U.S.C. § 102(a)(1).

3. Plaintiff's Complaint asserts four causes of action: (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*; (2) violation of 47 C.F.R. § 64.1200(a) *et seq.*; (3) violation of the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.111, et seq., and (4) the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101, et seq.

4. Plaintiff's claims under the MHSSA and MTCCCA arise from the same common nucleus of facts and are so related to the Plaintiff's claim under the TCPA that it forms part of the same case or controversy under Article III of the United States Constitution. Indeed, all of Plaintiff's claims arise from the same alleged conduct.

5. Plaintiff's Complaint alleges that Defendants engaged in activity prohibited by the TCPA, 47 U.S.C. § 227, et seq. *See* Exhibit A, Compl. ¶¶ 52-97. Plaintiff purports that he received five telephone calls from Defendant TBI, Inc. at the direction of Defendants in violation of the TCPA on March 24, 2020. *See* Compl. ¶¶ 59-76.

6. This case is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint purports to assert federal causes of action against Defendants arising out of the laws of the United States, here, the TCPA. *See* Exhibit A, Compl. ¶¶ 77-97. This Court has supplemental jurisdiction to hear and decide the state law claims.

7. As a result, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, because Plaintiff's Complaint is founded on claims or rights arising under the laws of the United States, and removal is appropriate under 28 U.S.C. § 1441.

8. By filing this Notice of Removal, Defendants do not waive any defenses that they may have to Plaintiff's claims.

## SATISFACTION OF PROCEDURAL REQUIREMENTS FOR REMOVAL

9. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. Proc. 6, this Notice of Removal is timely because it has been filed within 30 days Defendants' receipt of the Summons and Complaint.

10. A true and correct copy of this Notice of Removal has been sent to the Clerk of the 22nd Circuit Court, State of Michigan for filing as required by law. *See* Exhibit B.

11. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served upon Plaintiff as required by law.

12. There are no other pleadings or orders that have been served in the State Court Action. A true and correct copy of the State Court Register of Actions is attached hereto as Exhibit C.

Based on the foregoing, Defendants give notice of removal of the State Court Action to the United States District Court for the Eastern District of Michigan, and requests all future proceedings be held in this Court.

Dated: July 14, 2020

Respectfully Submitted,

/s/ Emily C. Palacios
Miller, Canfield, Paddock and Stone, P.L.C.
*Attorneys for Defendants*
101 North Main Street, 7th Floor
Ann Arbor, Michigan 48104
T: (734) 668-7784; F: (734) 747-7147
Palacios@millercanfield.com
P64941

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2020, a copy of the foregoing Notice of Removal was filed electronically, with the court's CM/ECF, which will provide notice of the same on the parties. I further certify that on this date a copy of the Notice of Removal was sent to Plaintiff via electronic mail at markdobronski@yahoo.com and U.S. Mail to Mark W. Dobronski at P.O. Box 85547, Westland, Michigan 48185-0547.

Dated: July 14, 2020

/s/ Emily C. Palacios